**In re: SOUTHEASTERN MILK ANTITRUST LITIGATION.**

**MDL No. 1899.**

United States Judicial Panel on Multidistrict Litigation.

Jan. 7, 2008.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, ANTHONY J. SCIRICA *, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel***: Defendants [1] in four actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Middle District of Tennessee. Plaintiffs in the Middle District of Tennessee actions support defendants' motion. Plaintiffs in the Eastern District of Tennessee *Scott Dairy Farm* action and two related actions pending in that district support centralization in the Eastern District of Tennessee. Plaintiff in the Eastern District of Tennessee *Breto* action op-

---

* Judge Scirica did not participate in the disposition of this matter.

1. Dean Foods Co.; National Dairy Holdings, LP; Dairy Farmers of America, Inc.; Dairy Marketing Services, LLC; Southern Marketing Agency, Inc.; Mid–Am Capital LLC; James Baird; Gary Hanman; and Gerald Bos.

poses centralization and, alternatively, supports selection of the Eastern District of Tennessee as the transferee forum.

This litigation currently consists of four actions, two actions each in the Middle District of Tennessee and the Eastern District of Tennessee.[2]

■ On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Tennessee will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations that the defendants violated Sections 1 and 2 of the Sherman Antitrust Act by conspiring to refuse to compete for the purchase of raw Grade A milk produced, marketed and processed in the Southeast United States. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Objecting plaintiff argues, *inter alia,* that centralization is not necessary because discovery will likely be straightforward and voluntary coordinating efforts among the actions are preferable to Section 1407 transfer. We respectfully disagree. While we applaud every cooperative effort undertaken by parties to any litigation, transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that ensures

that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary.

■ Either the Middle District or the Eastern District of Tennessee could be appropriate as a forum for this centralized docket. Various conflict and caseload concerns within the Middle District made transfer there difficult. Fortunately, the Eastern District presents a viable and appropriate transferee option for this litigation. Two actions and two potential tag-along actions are already pending there. Additionally, some of the challenged conduct occurred in the Eastern District of Tennessee, and two of the defendants have a presence in this district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending in the Middle District of Tennessee and listed on Schedule A are transferred to the Eastern District of Tennessee and, with the consent of that court, assigned to the Honorable J. Ronnie Greer for coordinated or consolidated pretrial proceedings with the actions pending in the Eastern District of Tennessee and listed on Schedule A.

## SCHEDULE A

MDL No. 1899—*In re: Southeastern Milk Antitrust Litigation*

*Eastern District of Tennessee*

*Fidel Breto, etc. v. Dean Foods Co., et al.,* C.A. No. 2:07–188

---

**2.** In addition to the four actions now before the Panel, the parties have notified the Panel of two related actions pending in the Eastern District of Tennessee. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

*Scott Dairy Farm, Inc., et al. v. Dean Foods Co., et al.,* C.A. No. 2:07–208

*Middle District of Tennessee*

*Sweetwater Valley Farm, Inc., et al. v. Dean Foods Co., et al.,* C.A. No, 1:07–51

*James D. Baisley, et al. v. Dean Foods Co., et al.,* C.A. No. 1:07–52