## In re: KENTUCKY GRILLED CHICKEN COUPON MARKETING & SALES PRACTICES LITIGATION.

### MDL No. 2103.

United States Judicial Panel on Multidistrict Litigation.

Dec. 4, 2009.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR. and DAVID G. TRAGER, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendants KFC Corp. (KFC) and Yum! Brands, Inc., have moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in the Northern District of Illinois. This litigation currently consists of four actions pending, respectively, in the Central District of California, the Northern District of California, the Northern District of Illinois, and the Eastern District of Michigan, as listed on Schedule A. Plaintiffs in all four actions oppose centralization; but, if the Panel orders centralization over their objections, they advocate selection of the Central District of California as transferee district.

■ On the basis of the papers filed and the hearing session held, we find that these four actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All four actions involve allegations that one or both defendants reneged on a promotion for a new product line of grilled chicken at KFC establishments. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (including with respect to class certification), and conserve the resources of the parties, their counsel and the judiciary.

In opposition to the Section 1407 motion, plaintiffs argue, *inter alia*, that alternatives to centralization, including informal coordination of discovery, are preferable, given that there are only four constituent actions and the issues are relatively straightforward. Although this argument has some force, we find it unpersuasive under the circumstances. While we applaud every cooperative effort undertaken by parties to any litigation, centralization under Section 1407 has the salutary effect of placing the actions in this docket before a single judge who can formulate a pretrial program that ensures that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary. *E.g., In re: Southeastern Milk Antitrust Litigation,* 530 F.Supp.2d 1359, 1360 (J.P.M.L. 2008).

■ We conclude that the Northern District of Illinois is an appropriate transferee district for pretrial proceedings in this litigation. The first-filed action was brought in that district, and Chief Judge James F. Holderman, Jr., who is presiding over that action, has the time and experience to steer the litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois, and, with the consent of that court, assigned to the Honorable James F. Holderman, Jr., for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

### SCHEDULE A

MDL No. 2103—IN RE: KENTUCKY GRILLED CHICKEN COUPON MARKETING & SALES PRACTICES LITIGATION

*Central District of California*

*James Asanuma, et al. v. KFC Corp., et al.,* C.A. No. 2:09–5246

*Northern District of California*

*Daleen Brown v. KFC Corp.,* C.A. No. 3:09–3269

*Northern District of Illinois*

*Christine Doering v. KFC Corp.,* C.A. No. 1:09–4166

*Eastern District of Michigan*

*Kay Ready v. KFC Corp.,* C.A. No. 2:09–12827